UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 06-102-02 (JDB) |
| ) | |
| DAVID SUCHIT, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT SUCHIT'S MOTION TO SEVER DEFENDANTS

Defendant David Suchit, by and through his undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed. R. Crim. P. 8(b) and 14, for relief from misjoinder of defendants. In support of this Motion, the defendant relies upon the attached Memorandum of Points and Authorities.

Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C. 20004
(202) 393-0007
On Behalf of David Suchit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID SUCHIT, )<br>)<br>Defendant. ) | Criminal No. 06-102-02 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SUCHIT'S MOTION TO SEVER DEFENDANTS**

**Facts**

David Suchit is charged in a two count superseding indictment with Conspiracy To Commit Hostage Taking Resulting In Death and Hostage Taking Resulting In Death, in violation of 18 U.S.C. §1203(a). There are ten other individuals also charged with these same offenses. While the charges are identical, the facts and theories upon which the Government will rely are diametrically different when one compares those relating to Mr. Suchit with those pertaining to the remaining defendants.

The ten defendants are charged with planning and executing the hostage taking of a United States citizen, Balram Maharaj. These other defendants took Mr. Maharaj at gun point from a public place, secreted him in a remote location, and assaulted him. They asked for ransom from his family and, when he died, they cut him up into pieces and buried the parts in the jungle.

Mr. Suchit, on the other hand, did none of that. He had no role in the hostage-taking, other than a highly peripheral one. The only information that the Government possesses about any role by David Suchit appears to have come from his own words. Although he was initially approached

about kidnapping Mr. Maharaj's son, and then Mr. Maharaj, himself, ultimately, the defendant did not participate in that crime. Indictment ¶¶ 9-12. However, when one of the alleged co-conspirators, Anderson Straker, told the defendant that the target had been taken, the defendant traveled in a vehicle with Mr. Straker when he went to visit with other co-conspirators and when Mr. Straker purportedly made some ransom calls. Indictment ¶¶ 63-64. In addition, Mr. Suchit, at Straker's request, told another coconspirator that the victim was dead and they discussed what should be done at that point. Indictment, ¶¶ 80- 82 These last events, after the fact, represent the most significant actions with which the defendant is charged.

**Argument**

    1. Mr. Suchit's involvement in this case is minimal, at best. His participation is collateral to the substantive roles of the other people with whom he is charged. Because the evidence against him comes almost, if not completely, from his own words, the case against him could easily be separated from that of the remaining co-defendants and would last a matter of days, not weeks.

    2. This was a particularly gruesome crime in which Mr. Suchit failed to take part. The jury's consideration of his unique issues would undoubtedly be tainted by the gore discussed in connection with the other ten defendants' actions.

    3. Defendant David Suchit moves for severance under Fed.Crim. Rules 8 (b) and 14. While it is clear that joinder lies in the discretion of the United States Attorney, United States v. Mimee, 89 F. Supp. 148 (E.D. Mich. 1956), severance of the defendants is a matter of trial court discretion. United States v. Lurz, 666 F. 2d 69 (4th Cir. 1981). The Federal Rules of Criminal Procedure contemplate a balancing of the Court's desire for speedy and efficient court proceedings against the right of the accused to a fair trial. Moreover, where a defendant will be prejudiced by

joinder of defendants, the Court may grant severance under Rule 14.

 4. The defendant contends that his right to a fair trial is being improperly affected by joinder and that said joinder of defendants is prejudicial to him.

 5. If these cases are not severed, there is a substantial probability that the defendants' defenses irreconcilably may conflict. Thus, the jury may unjustifiably infer that the conflict alone demonstrates that all of the defendants must be guilty. See, Rhone v. United States, 125 U.S. App. D.C. 47, 365 F. 2d 908 (1966).

 6. The great disparity between the weight of the evidence against Mr. Suchit's co-defendants and the paucity of evidence against him necessitates severance. United States v. Mardian, 178 U.S. App. D.C. 207, 546 F. 2d 973 (1976).

 7. The defense recognizes that severance of defendants is not required because the prosecution's proof is stronger against a co-defendant. United States v. Leonard, 161 U.S. App. D.C. 36, 47, 494 F. 2d 955, 966 (1974). However, manifest injustice occurs when the evidence of one defendant's complicity in a crime is de minimis when compared to the evidence against his co-defendants. United States v. Gambril, 146 U.S. App. D.C. 72, 83, 449 F. 2d 1148, 1159 (1971). In the instant case, the evidence against the defendant is de minimis when compared to that against his co-defendants.

 8. A defendant charged with others has "the right not to be tried en masse for the conglomeration of distinct and separate offenses committed by others." Kotteakos v. United States, 328 U.S. 750, 775 (1946). The joinder of all defendants in this matter is a direct violation of this dictate.

 WHEREFORE, the defendant requests that his case be severed from those of his

co-defendants.

    WHEREFORE, for the reasons stated herein and such other reasons as may become apparent at a hearing on this motion, the defendant requests that this motion be granted.

    Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C.  20004
(202) 393-0007
On Behalf of David Suchit