UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**RUSSELL JERRY JOSEPH, et al.,**<br><br>**Defendants.** | Criminal No. 06-102 (JDB)<br><br>**FILED**<br><br>NOV 1 6 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER

Pursuant to the request of the Office of the Federal Public Defender ("FPD"), the order entered on September 5, 2006, authorizing interim voucher payments to appointed counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, and the Guidelines for the Administration of the CJA, will be vacated and a modified order will be entered in its place for the reasons stated herein. This matter arises out of the motion submitted by counsel for defendant Joseph requesting authorization of interim voucher payments based on the expected length and complexity of the proceedings. Counsel's motion represented, among other things, that the government had notified counsel that it would not seek the death penalty (a penalty authorized for the offense charged under 18 U.S.C. § 1203(a)), and included a proposed order for interim compensation in non-death penalty cases that reflected the relevant provisions of the CJA Guidelines, including a $7,000 cap on interim compensation and a requirement that interim vouchers be approved by the Chief Judge of the Circuit or his delegatee. On September 5, 2006, an order granting counsel's motion consistent with these representations and provisions was entered on the docket, signed by the delegatee of the Chief Judge of the Circuit and by this Court.

The FPD has recently informed the Court that those monetary limitations are inconsistent with longstanding policy and practices of the Office of Defender Services. The FPD reports that,

although this is no longer a death penalty case, the longstanding practice in cases initially designated as death penalty eligible has been to process vouchers under the CJA Guidelines provisions addressing death penalty cases (CJA Guidelines, Chapter II, Part C, Appendix E) for the entire duration of the case. The FPD represents that the Office of Defender Services has directed all Federal Defender Organizations to follow this practice even if the government subsequently provides notice that it will not seek the death penalty, in order to facilitate maintenance of statistics on death penalty eligible cases and to avoid the administrative difficulties of altering compensation procedures in the middle of a pending case. Therefore, the FPD requests that the order be modified to lift the cap on interim compensation and the requirement of approval by the Chief Judge of the Circuit. The FPD also requests that the order be modified to reflect the recent implementation of a U.S. Judicial Conference policy reducing the interim voucher withholding percentage to one-fifth of the requested compensation (instead of one-third). The Court agrees that these changes should be made.

Accordingly, it is hereby ORDERED that the Order in this matter entered on the docket on September 5, 2006 is VACATED; and it is further

ORDERED that the following provisions shall govern interim voucher payments to appointed counsel:

1.   Counsel may submit to the Office of the Federal Public Defender, each month, an appropriate interim CJA Form which shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

2.   The Court will review the interim vouchers when submitted. One-fifth of the

-3-

out-of-court compensation approved for each voucher shall be withheld until the final accounting.

3. At the conclusion of the representation, each counsel shall submit a final voucher seeking payment of the one-fifth balance withheld from the earlier interim vouchers, as well as payment for representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case.


Date: Oct 31, 2006                    _____
                                       John D. Bates
                                       United States District Judge


Date: Nov. 13, 2006                   _____
                                       Janice Rogers Brown
                                       Judge, United States Court of Appeals
                                       for the District of Columbia Circuit

Copies to:

Allen H. Orenberg
11200 Rockville Pike, Suite 300
North Bethesda, MD 20852

*Counsel for Defendant Joseph*

Thomas Abbenante
1919 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006

*Counsel for Defendant Gittens*

Diane Leply, Esq.
400 Seventh St., NW, Suite 400
Washington, DC 20006

*Counsel for Defendant Suchit*


Bruce Hegyi
Jeanne Marie Hauch
U.S. Attorney's Office
555 Fourth St., NW
Washington, DC 20004

*Counsel for the United States*

Erica Freeman
Panel Administrator
Office of the Federal Public Defender
625 Indiana Ave., NW, Suite 550
Washington, DC 20004