UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 06-102-02 (JDB) |
| | ) |
| DAVID SUCHIT | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS INDICTMENT
## BASED UPON DUE PROCESS VIOLATIONS

COMES NOW, David Suchit, by and through his undersigned counsel, and respectfully moves this Honorable Court, to dismiss the indictment, as its prosecution violates his right to Due Process. In support of this Motion, the defendant relies upon the attached Memorandum of Points and Authorities.

Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C. 20004
(202) 393-0007
On Behalf of David Suchit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 06-102-02 (JDB) |
| ) | |
| DAVID SUCHIT ) | |
| ) | |
| Defendant. ) | |

## Memorandum Of Points And Authorities In Support Of
## Motion To Dismiss Indictment Based Upon Due Process Violations

**Facts**

The United States elected to prosecute Suchit for crimes relating to the kidnaping of Balram Maharaj in this country rather than allow him to be prosecuted in his native land where jurisdiction also lies. Before the defendants were indicted in America, they were charged first with the related crimes in Trinidad. Rather than allow their homeland to proceed in its normal course on the criminal case, the United States moved in and asked to have the defendants extradited to America where they would have no access to witnesses, much less family members and friends.

Upon information and belief, there are witnesses in Trinidad who possess information about the circumstances of the defendant's arrest, the making of one of more of his statements and the underlying facts of this case. Known witnesses have indicated that they are unwilling to come to the United States nor do they wish to be interviewed in Trinidad. Defense counsel is unable to compel

witnesses to testify in America or even to be present at a deposition in Trinidad.[1]  Consequently, the defendant will not have those witnesses at the motion hearing or at the trial to present his defense.

The defendant is charged under 18 U.S.C. §1203(a) with Hostage Taking Resulting In Death and Conspiracy To Commit Hostage Taking Resulting In Death.  Because the offense occurred outside the United States, jurisdiction purportedly is predicated upon the fact that the victim, Balram Maharaj, was a national of the United States, as defined in 8 U.S.C. §1101(a)(22).   Although the Government has provided the defense with a copy of the victim's United States passport showing his place of birth as Trinidad, the prosecution has not provided the passport application or any documentation proving Maharaj's status in this country.[2]

**Argument**

**Suchit's Indictment Should Be Dismissed Because Its Prosecution Violates the Constitution.**

The Sixth Amendment guarantees that an accused shall have the power to subpoena witnesses.  Criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt.  Pennsylvania v. Ritchie, 480 U.S. 39, 56 (1987).  Few rights are more fundamental than that of an accused to present witnesses in his own defense.  See, e.g., Chambers v. Mississippi, 410 U.S. 284, 302 (1973).  This is an essential attribute of the adversary system.  To ensure that justice is done, it is imperative to the function of the courts that compulsory

---

[1] At the time of the drafting of this motion, the record is incomplete, as the defendant is unable to provide documents supporting this contention until his investigation is commenced in Trinidad.  Defendant is moving to supplement the record upon completion of this investigation.

[2] Until that information is provided, jurisdiction is debatable, as the crime occurred outside the United States, the defendants all reside outside the United States and the victim was a citizen of Trinidad.

process be available for the production of evidence needed by the prosecution or by the defense. United States v. Nixon, 418 U.S. 683, 709 (1974).

The right to offer testimony is grounded in the Sixth Amendment. The right to offer testimony of witnesses and to compel their attendance, if necessary, is at the heart of the right to present a defense. That right to defend oneself is a fundamental element of the due process of law. Washington v. Texas, 388 U.S. 14, 19 (1967).

Jurisdiction of district courts is territorial. Georgia v. Pennsylvania Railroad, 324 U.S. 439, 467 (1945). A district court's process is limited to the geographical area or territorial limits of the state in which the district court is located. Service outside that area is permissible only when it is authorized by a United States statute. See Mississippi Publishing Co. v. Murphree, 326 U.S. 438 (1946). There is obviously no United States statute, nor could there be, which allows process in Trinidad. Moreover, subpoena issuance and enforcement is not a part of the bilateral treaty with Trinidad.[3] Consequently, the defendant has no mechanism for compelling witnesses or evidence. He is reliant on the good graces of the government which is prosecuting him.

Such a flawed process cannot withstand the constitutional principles upon which this country is founded. Suchit's alien status does not nullify due process.

WHEREFORE, for the reasons stated herein, the defendant requests that this motion be granted.

---

[3] Article 13 of the treaty states in pertinent part that: "To the extent permitted under its law, the Requested State (in this case Trinidad) may seize and surrender to the Requesting State (in this case the United States) all articles, documents, and evidence connected with the offense in respect of which extradition is granted..." Thus, under the bilateral treaty the two countries are required to disclose documents and evidence with would assist the requesting country who is prosecuting certain individuals. No such obligation exists to the defense.

        Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C. 20004
(202) 393-0007