UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 06-102-02 (JDB) |
| | : | 04 |
| DAVID SUCHIT | : | |
| WINSTON GITTENS | : | |

**MOTION FOR AUTHORIZATION OF
INTERIM VOUCHERS FOR INVESTIGATORS
UNDER THE CRIMINAL JUSTICE ACT**

Undersigned counsel for Defendant David Suchit,[1] respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3006(A), and Paragraph 2.30 A of the <u>Guidelines for the Administration of the Criminal Justice Act</u>, to authorize the submission and payment of interim monthly vouchers for investigators in the above-captioned case. In support of this Motion, undersigned counsel for the defendant, states as follows:

1. These cases are part of a multi-defendant matter in which death penalty-eligible charges were lodged initially, and subsequently withdrawn. Despite that change, it is anticipated that the proceedings will be lengthy and complex.

2. These cases involve allegations of conspiracy and hostage-taking of a United States citizen while he was in Trinidad/Tobago. These allegations currently have been asserted against eleven people, with at least one additional person anticipated.

3. Discovery and investigation in this matter differs widely from the norm in Federal

---

[1] Gittens' attorney, Thomas Abbenante, has requested that his defendant be included in this request.

criminal cases, given the location of the crime.   Many inquiries have to be made over the internet or telephone and through correspondence.    Travel is a protracted process.

4. This Honorable Court has made a finding that this case meets the criteria or "complex" and "extended," as defined in the *Guide To Judiciary Policies and Procedures,* and has authorized interim payments for the attorneys.

5.  Given the nature and projected length of this case, it is a financial necessity for the defendant's investigator to receive interim payments as well.

6. In short, the amount of pretrial preparation entailed in a case of this magnitude is far-reaching indeed, and the out-of- pocket expenses will be high.

7. As Panel attorneys who represent indigent defendants, the undersigned attorneys would respectfully request that the Court approve monthly interim vouchers for their individual investigators in this case.  It is clear, given the scope of this case, that the undersigned will be required to expend a large bulk of his/her time investigating and preparing to try this huge case. As small business people, the investigators can ill afford to undertake representation of this complexity without interim compensation, nor should s/he be required to fund the expenses necessary in representation of this duration and complexity without interim reimbursement from the court.

7. Because of the breadth of the case, counsel needs extensive investigation on a regular basis.  For that reason, the undersigned attorneys respectfully request that the court approve a plan for the submission of interim vouchers by investigators in this case.

WHEREFORE, the foregoing premises considered, undersigned counsel for the named defendants respectfully request that the Court grant in full the relief requested here and authorize the issuance and payment of interim vouchers for compensation and reasonable expenses by the

appointed investigators.

                                        Respectfully submitted,

                                        Diane S. Lepley, Bar No. 368927
                                        400 Seventh Street, N.W.
                                        Suite 400
                                        Washington, D.C.  20001
                                        (202) 393-0007

Dated: December 08, 2006