UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 06-102-02 (JDB) |
| ) | |
| DAVID SUCHIT ) | |
| ) | |
| Defendant. ) | |

## Omnibus Reply To Government's Oppositions To Defendant's Pretrial Motions

COMES NOW, David Suchit, by and through his undersigned counsel, and respectfully submits this omnibus reply as follows:

Severance Motion

To date, only three of the alleged co-conspirators have been extradited to the United States. Upon information and belief, it is anticipated that of those three, only the defendant will proceed to trial. Unless and until other defendants arrive in this country, Mr. Suchit will have a severance by operation of the facts, not law. For that reason, there is no reason to proceed on the severance motion at this time.

Motion To Suppress Statements

The facts set forth in the defendant's motion vary strikingly from the counter-statement of facts presented by the Government. Absent an evidentiary hearing on the circumstances under which Mr. Suchit made the various statements, it is impossible to determine the pertinent law for the court to consider at this time. Therefore, counsel will present her arguments following the evidentiary hearing on February 12, 2007.

Motion To Return Defendant To Country of Origin

The defendant does not quarrel with the government's reading of <u>United States v. Mejia</u>, 448 F. 3d 436 (D.C. Cir. 2006) or of <u>United States v. Alvarez-Machain</u>, 504 U.S. 655 (1992) which allow the United States to forcibly abduct aliens. Although the treaty between the U.S. and Trinidad does allow for the extradition of persons like Mr. Suchit, it requires that certain procedures be followed to effectuate the extradition of Trinidadian citizens.

Those procedures are currently being followed in Trinidad in regard to the other defendants who remain in that country. The defendant contends that he should still be in his native land fighting extradition like his alleged co-conspirators. He maintains that the only reason he did not remain in Trinidad with his fellow co-defendants was because he was misled about the reasons for his coming to America, thereby causing him to agree to waive the extradition proceedings, contrary to his own best interests and the extradition requirements of Trinidad. It is that involuntary waiver which he now condemns. Mr. Suchit argues that the United States tricked him and circumvented its own treaty with his nation by lying to him and to Trinidadian government officials and by not following the rules set forth in the treaty.

Motion To Dismiss Indictment Based Upon Due Process Violations

Given the government's position that letters rogatory will address the issues presented by the defense and that his motion is premature, Mr. Suchit would ask the court to hold the motion for consideration until his counsel may travel to Trinidad and conduct investigations and interview witnesses there. Once that travel occurs, the defendant will request leave to supplement his position on this motion.

Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C.  20004
(202) 393-0007
On Behalf of David Suchit