UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: **Letter Rogatory to the Republic of Trinidad and Tobago in the defense of the Prosecution of DAVID SUCHIT in <u>United States v. Jason E. Percival</u>, et al.** | Crim. No. 06-102-02 (JDB) |

## UNCONTESTED
## MOTION FOR ISSUANCE OF AN INTERNATIONAL
## <u>LETTER ROGATORY</u>

COMES NOW the Defendant, David Suchit, by and through his undersigned counsel, and respectfully moves this Honorable Court, for the issuance of a letter rogatory to the appropriate judicial authorities in the Republic of Trinidad and Tobago. As set forth more fully in the proposed Letter Rogatory (attached hereto), the defendant requests the judicial authorities of the Republic of Trinidad and Tobago to preserve and make available the government, business, telecommunications and computer records located in the Republic of Trinidad and Tobago.

WHEREFORE, David Suchit requests the Court to grant his motion and to issue the letter rogatory requested herein.

Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C. 20004
(202) 393-0007
On Behalf of David Suchit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | **Letter Rogatory to the Republic of Trinidad and Tobago in the defense of the Prosecution of DAVID SUCHIT in <u>United States v. Jason E. Percival</u>, et al.** | Crim. No. 06-102-02 (JDB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR ISSUANCE OF AN INTERNATIONAL
<u>LETTER ROGATORY</u>**

**Facts**

Defendant David Suchit is a citizen of the Republic of Trinidad and Tobago who has been charged with certain criminal offenses in the United States of America and is currently incarcerated in this country. Earlier in the case, he filed a Motion To Dismiss Indictment Based Upon Due Process Violations, stating that he could not get a fair trial in this jurisdiction due to procedural shortcomings in the United States. He claimed that the only fair and proper place for trying this matter was in his home country of Trinidad since he could not compel live testimony from people living in Trinidad, nor could he force the Trinidad government, businesses or organizations to provide him with documents or things.

This defense motion was opposed by the Government which argued that Mr. Suchit had failed to disclose the witnesses and evidence which he contended were necessary to present his defense at trial and to which he did not have access. Moreover, the prosecution stated that an

international letter rogatory was the appropriate mechanism for obtaining such necessary testimonial[1] and documentary evidence. For those reasons, the defendant now submits this motion asking for the Court's assistance in obtaining evidence from places, persons and organizations in Trinidad.[2]

    I.    The United States District Court for the District of Columbia Has The Power To Request Foreign Judicial Assistance in Obtaining Evidence.

"Letters rogatory" are formal requests by the court from one nation (hereinafter the "requesting nation") to its counterpart in a foreign country (hereinafter the "sending nation") asking for assistance in obtaining certain evidence which is located in that sending nation. Judicial assistance between countries is predicated upon comity between nations at peace. United States v. Zabady, 546 F. Supp. 35, 39 n.9 (M.D.Pa. 1982).

Title 28 U.S.C. § 1781 and the district court's "inherent" authority provide this court with the authority to issue letters rogatory to sending nations. United States v. Reagan, 453 F. 2d 165, 171-73 (6th Cir. 1971), *cert. denied*, 406 U.S. 946 (1972). Likewise, Federal courts have the power to execute letters rogatory for the benefit of foreign nations who request evidence from the United States and its citizens. 28 U.S.C. §1782; In re Request From the Crown Prosecution Service, 870 F. 2d 686 D.C. Cir. 1989); In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 648 F. Supp. 464 (S.D. Fla. 1986), *aff'd*, 848 F. 2d 1151 (11th Cir. 1988), *cert. denied*, 109 S. Ct. 784 (1989).

    II.    The Defendant May Request Judicial Assistance By A Foreign Nation By Applying To The Foreign Court For Aid In Obtaining Certain Trial Evidence.

---

[1] The defendant is not seeking to depose any prospective witnesses in Trinidad at this time. This motion addresses only certain documentary evidence.

[2] The Government does not oppose this motion, as the parties have discussed procedures for addressing documents in dispute once the materials arrive in the United States.

  Although there is no specific Federal Rule of Criminal Procedure covering such requests, Rule 57 provides, *inter alia*, that District Court judges may regulate their practice in any manner which is consistent with Federal and local rules.  Obtaining evidence through letters rogatory is similar to the procedures for the issuance of s *subpoena duces tecum* with the noted difference that the district court cannot compel compliance.  The request is merely that, a request; there is no real enforcement procedure.   Typically, these requests are made, *ex parte*, by the prosecution at either the pre-indictment, or post-indictment phase.  See e.g., United States v Reagan, 453 F. 2d 165, 173 (6th Cir. 1971), *cert. denied*, 406 U.S. 946 (1972) and United States v. Strong , 608 F. Supp. 188, 192-194 (E.D. Pa. 1985)   However, as the D.C. Circuit referenced in United States v. Mejia, 448 F.3d 436, 445 (D.C.Cir. 2006), criminal defendants enjoy the same rights as the Government in requesting letters rogatory to obtain evidence.

  In the instant matter, the United States State Department already has confirmed with the Attorney General's Office of the Republic of Trinidad and Tobago (hereinafter "TT") that it will accept letters rogatory from courts in the United States.  See Exhibit A, Affidavit of Michelle Bernier-Toth submitted with the Government's Opposition To Defendant Suchit's Motion To Dismiss Indictment Based Upon Due Process Violations.  In addition, Ms. Bernier-Toth purportedly stands ready to transmit such letters through the diplomatic channels to the appropriate TT courts.

**Procedure for Transmittal of Documents to Defendant**

  The parties agree that some of the documents requested by the defense ordinarily may not be available to the defendant, in part or in whole, because of various legal and privacy concerns. Some documents and files which would be typically in the possession of the United States government in criminal cases where the situs is in America, as opposed to a foreign land, are not

available for the prosecution to review and to redact and/or make legal decisions about the applicability for disclosure to the defense. For that reason, the parties agree that they will provide the Court with a list of those documents which should be automatically turned over to the defendant and those which necessitate court review or delayed disclosure. This is necessary, in part, because the United States currently does not have the TT investigative files pertaining to these indicted crimes, nor many of the documents sought by the defendant. Thus, the appended letter rogatory seeks production of things which may necessitate subsequent litigation before they are produced.

**<u>Conclusion</u>**

There is authority for the issuance of letters rogatory by the defendant in this Circuit. Moreover, procedures for executing the request for defense evidence have already been put in place. For those reasons, the defendant requests that this Honorable Court issue the letters rogatory to the TT courts.

Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C. 20004
(202) 393-0007
On Behalf of David Suchit

**Certificate of Service**

I do hereby certify that a true copy of the foregoing motion, along with the accompanying order and international letter rogatory, has been mailed, postage prepaid, to Bruce Hegyi, Esquire, Assistant United States Attorney at 555 Fourth Street, N.W., Washington, D.C. 20530 this 20th day of March, 2007.

_____
Diane S. Lepley