IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| - vs - | § | CRIMINAL No.   06-102-02 (JDB) |
| | § | |
| | § | |
| **DAVID SUCHIT,  *et al.*** | § | |
| | § | |
| Defendants. | § | |
| | § | |

**GOVERNMENT'S TRIAL MEMORANDUM OF
LAW CONCERNING THE BURDEN OF PROOF FOR A
CONSPIRATOR TO WITHDRAW FROM A CRIMINAL CONSPIRACY**

The United States of America ("United States" or "Government") files this, its Trial

Memorandum of Law Concerning the Burden of Proof for a Conspirator to Withdraw From a

Criminal Conspiracy.

*Nature of the Case*

Defendant David Suchit ("Mr. Sucht" or "defendant") is one of twelve Trinidadian

nationals who have been indicted in the District of Columbia for Conspiracy to Commit Hostage

Taking Resulting in Death and with Hostage Taking Resulting in Death, both charges being in

violation of 18 U.S.C. § 1203(a).  According to the allegations of the superseding Indictment,

beginning on or about February 1, 2005 and ending on or about April 15, 2005, Mr. Suchit and

his co-conspirators, embarked upon a common plan to obtain the money of American citizen,

Balram Maharaj, who was a visitor to the Island of Trinidad and who had relatives there.  The

conspirators' initial plan was to kidnap Mr. Maharaj's 5-year old son, Dinesh Maharaj, and to

hold Dinesh for ransom.  However, the conspirators later discarded the initial plan and

determined to kidnap Balram Maharaj and sought to obtain a ransom of Mr. Maharaj's money, from Mr. Maharaj's relatives, for his release.  On April 6, 2005, in accordance with their plan, Balram Maharaj was abducted. and a ransom of $3,000,000 Trinidad (approximately $500,000 US) was demanded for his release.  Mr. Maharaj was held captive at a hideout in a mountainous jungle region of Trinidad.  On or about April 13, 2005, Mr. Maharaj expired at the remote hideout, as he languished in the hands of the conspirators.  Following Mr. Maharaj's death, members of the conspiracy dismembered his body and buried his body parts at another remote location in the mountainous jungle.

By April 15, 2005, the ransom demands had ceased.

On April 27, 2005, the United States Embassy issued a press release, *inter alia*, offering a reward of $10,000 US for information leading to the location of Mr. Maharaj and to the arrest and conviction of those responsible for the abduction of Balram Maharaj.

In January of 2006, Mr. Maharaj's dismembered and decomposed body was located in a mountainous jungle region in Trinidad.

### Defendant Suchit's Trial is Scheduled to Begin on April 30, 2007

Mr. Suchit's trial is scheduled to begin on April 30, 2007.  In preparation for the trial, on March 15, 2007, the Court issued a Memorandum Opinion, among other things, denying Mr. Suchit's Motion to Suppress Statements. [*See* Docket Entry 75]

### Defendant Suchit Was A Conspirator

As set forth in the Government's Opposition to defendant David Suchit's Motion to Suppress Statements [*see* Docket Entry 42], in the Government's view, Mr. Suchit has admitted repeatedly and unequivocally that he was initially a willing and enthusiastic conspirator in the

plot to take hostage for ransom (a) initially, Dinesh Maharaj, the son of Balram Maharaj, and (b) later Balram Maharaj himself.  Thereafter, despite Mr.. Suchit's demotion in the continuing conspiracy, Mr. Suchit continued to participate in the conspiracy and acted to promote the ends of the conspiracy.  *See, e.g., United States v. Shepard*, 462 F.3d 847 (8th Cir. 2006) (a falling out among conspirators that resulted in the defendant's role being changed or reduced is insufficient to establish withdrawal from conspiracy); *United States v. Cardwell*, 433 F.3d 378 (4th Cir. 2005), *cert. denied*, 126 S.Ct. 1669 (2006) (fact that defendant was so unhelpful in role as middleman between hit-man and person contracting the murder that the hit-man and contractor dealt directly with each other in arranging the murder  is insufficient to establish that the defendant withdrew from the conspiracy to commit murder for hire.)

At trial, the Government anticipates, Mr. Suchit may seek to raise in defense of one or both Counts in the superseding Indictment that Mr. Suchit withdrew from the conspiracy and is therefore not criminally responsible for the actions of the other conspirators following his withdrawal.[1]

In order to clarify in advance the issues potentially implicated, the Government has prepared this Memorandum of Law to assist the Court in its determination of the law and its evaluation of the relevant facts at trial.

---

[1]  Once a conspirator has joined a conspiracy, he is presumed to be a part of the conspiracy "as long as *any* coconspirator continues to further common ends," or he proves he withdrew from the conspiracy.  *United States v. Thomas*, 114 F.3d 228, 267 (D.C.), *cert. denied*, 522 U.S. 228 (1997) (emphasis original); *and see, e.g., United States v. Hansen*, 262 F.3d 1217, 1247 (11th Cir. 2001); *United States v. True*, 250 F.3d 410, 424-25 (6th Cir. 2001).

**Once the Government Has Established That the Defendant Was a Member
of a Conspiracy, It Becomes the Defendant's Burden to Prove He
<u>Successfully Withdrew From the Conspiracy</u>**

When the Government has proven at trial that a defendant was a member of a criminal

conspiracy, the burden shifts to the defendant to prove that he successfully withdrew from the

conspiracy. *See United States v. Thomas*, 114 F.3d 228, 267-68 (D.C. Cir.), *cert. denied*, 552

U.S. 228 (1997) (defendant "has the burden of proving that he affirmatively withdrew from the

conspiracy..."); *United States v. Dale*, 991 F.2d 819, 854 (D.C. Cir.), *cert. denied*, 510 U.S. 906

(1993); *and see United States v. Flaharty*, 295 F.3d 182, 192 (2d Cir. 2002) (the defendant must

prove that the conspiracy was terminated or that he took affirmative steps to withdraw); *United*

*States v. Berger*, 224 F.3d 107, 118 (2d Cir. 2000) (the burden of establishing withdrawal lies on

the defendant); *Brown v. United States*, 332 F.3d 363, 374 (6th Cir. 2003) (the defendant carries

the burden of proving withdrawal and must show that he took affirmative action to defeat or

disavow the purpose of the conspiracy); *Jackson v. United States*, 54 Fed.Appx. 594, 596-97 (6th

Cir. 2001) (the burden of proving withdrawal lies on the defendant); *United States v. Shepard*,

462 F.3d 847, 869-70 (8th Cir. 2006) (defendant must demonstrate he took affirmative action to

withdraw from conspiracy); *United States v. Zimmer*, 299 F.3d 710, 718 (8th Cir. 2002)

(defendant bears the burden of proving that he withdrew from the conspiracy); *United States v.*

*Hansen*, 262 F.3d 1217, 1247 (11th Cir. 2001) (conspirator must prove he has withdrawn from

conspiracy); *United States v. Quire*, 943 F.2d 1554, 563-64 (11th Cir. 1991) (same); *but see*

*United States v. Oppong*, 165 Fed.Appx. 155, 161 (3d Cir. 2006) (defendant must present

evidence sufficient to make out a prima facie case of withdrawal, following which the

Government must rebut the evidence of withdrawal); *United States v. Antar*, 53 F.3d 568, 582-83

(3d Cir. 1995) (defendant must produce evidence sufficient to make a prima facie showing of withdrawal, following which the burden shifts to the Government to rebut the prima facie case either by impeaching the defendant's proof or by going forward with evidence of some conduct in furtherance of the conspiracy subsequent to the act of withdrawal); *United States v. Bullis*, 77 F.3d 1553, 1562 (7th Cir. 1996) (defendant bears the initial burden of production on the issue of his withdrawal from conspiracy); *United States v. Sax*, 39 F.3d 1380, 1388 (7th Cir. 1995) (defendant has burden of production of evidence showing withdrawal from conspiracy; thereafter, Government has burden of disproving withdrawal beyond a reasonable doubt).

### Elements of Proof Required For Withdrawal From Criminal Conspiracy

"[I]t is not easy to withdraw from a criminal conspiracy." *United States v. Zimmer*, 299 F.3d 710, (8th Cir. 2002) (*quoting United States v. Granados*, 962 F.2d 767, 733 (8th Cir. 1992). It is well-established that the mere cessation of activities is not enough to establish a withdrawal. *United States v. Nieves,* 322 F.3d 51, 55 (1st Cir. 2003); *United States v. True*, 250 F.3d 410, 425 (6th Cir. 2001); *United States v. Berger*, 224 F.3d 107, 118-19 (2d Cir. 2000) (resignation from the enterprise not sufficient to withdraw from conspiracy); *and see* Diener, K. & Johnson, T, "Federal Criminal Conspiracy," 42 Am. Crim. L. Rev. 463, 480-81 (Spring 2005). Rather, in order to withdraw from a conspiracy, the defendant must make "a clean breast to the authorities or by communicat[e] the abandonment in a manner reasonably calculated to reach co-conspirators." *United States v. Thomas*, 114 F.3d 228, 267-68 (D.C. Cir.), *cert. denied*, 552 U.S. 228 (1997); *United States v. Walls*, 70 F.3d 1323, 1327 (D.C. Cir. 1995). To establish his withdrawal, the defendant must either show he made a full confession to the authorities or he communicated to his co-conspirators that he had abandoned the enterprise and its goals. *United*

*States v. Brown*, 332 F.3d 363, 374 (6th Cir. 2003); *United States v. Nieves,* 332 F.3d 51, 55 (1st Cir. 2003); *United States v. Juodakis*, 834 F.2d 1099, 1102 (1st Cir. 1987)*; United States v. Steele*, 685 F.2d 793, 803-04 (3d Cir.), *cert denied sub nom*, *Morton v. United States*, 459 U.S. 908 (1982); *and see United States v. Bullis*, 77 F.3d 1553, 1562 (7th Cir. 1996) ("In order to withdraw from a conspiracy, a defendant must cease his activity in the conspiracy and take an affirmative act to defeat or disavow the conspiracy's purpose, either by making a full confession to the authorities or by communicating his withdrawal in a manner reasonably calculated to inform his coconspirators." (citations omitted)); *United States v. Zimmer*, 299 F.3d 710, 718 (8th Cir. 2002) ("To make a clean breast of a conspiracy, the conspirator must 'sever [ ] all ties to the conspiracy and its fruits, and act [ ] affirmatively to defeat the conspiracy by confessing to and cooperating with the authorities.'" (*quoting United States v. Grimmett*, 236 F.3d 452, 456 (8th Cir. 2001)).

To successfully withdraw from a criminal conspiracy, the conspirator's  withdrawal must be "both compete and in good faith."  *United States v. Bullis*, 77 F.3d 1553, 1562 (7th Cir. 1996) (citations omitted).  Correspondingly, the conduct of a defendant "after a purported withdrawal is relevant to whether the withdrawal was actually complete and in good faith."  *United States v. Bullis*, 77 F.3d 1553, 1562 (7th Cir. 1996); *accord United States v. Sax*, 39 F.3d 1380, 1387 (7th Cir. 1995); *United States v. Antar* 53 F.3d 568, 583 (3d Cir. 1995).  As a result, if the defendant's post-withdrawal conduct evidences that the defendant continued to "acquiesce" in the goals of the conspiracy, such conduct would "neutralize" his otherwise valid withdrawal. *Hyde v. United*

States, 225 U.S. 347, 371 (1912);[2] accord United States v. Berger, 224 F.3d 107, 118 (2d Cir. 2000) ("defendant may not take any subsequent acts to promote the conspiracy"); United States v. Bullis, 77 F.3d 1553, 1562-63 (7th Cir. 1996).

Hence, the Government urges the Court that, at trial, after the Government has proven the existence of a conspiracy that included defendant David Suchit, Mr. Suchit bears the burden of proving his successful withdrawal as more fully set forth above.

Respectfully submitted,

JEFFREY A. TAYLOR (D.C. Bar No. 498610)
United States Attorney


By: _____
BRUCE R. HEGYI (D.C. Bar No. 422741)
Assistant United States Attorney
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4848
Washington, D.C.  20530
(202) 305-9637
(202) 353-9414 (fax)
www.bruce.hegyi@usdoj.gov


JEANNE M. HAUCH
Assistant United States Attorney
National Security Section
555 Fourth Street, N.W., 11th Floor
Washington, D.C.  20530
(202) 514-5776

_____

[2] Black's Law Dictionary (5th Ed.  1979) contains the following definitions of "acquiesce" and "acquiescence."  **Acquiesce:** "To give implied consent to a transaction, to the accrual of a right, or to any act, by one's mere silence, or without express assent or acknowledgment."  **Acquiescence:** "Conduct recognizing the existence of a transaction, and intended, in some extent at least, to carry the transaction, or permit it to be carried, into effect."

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th th day of March, 2007, a true and correct copy of the above and foregoing GOVERNMENT'S TRIAL MEMORANDUM OF LAW CONCERNING THE BURDEN OF PROOF FOR A CONSPIRATOR TO WITHDRAW FROM A CRIMINAL CONSPIRACY was served on the following by First Class Mail, postage pre-paid, upon:

DIANE LEPLEY, ESQUIRE
400 SEVENTH STREET, N.W.
SUITE 400
WASHINGTON, D.C.  20004


_____
BRUCE R. HEGYI
Assistant United States Attorney