UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SUCHIT,<br><br>Defendant. | Cr. No. 06-102-02 (JDB) |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the following numbered instructions from Criminal Jury Instructions for the District of Columbia (4th ed., revised December 2005) ("Redbook"), as well as the attached additional Supplemental Instructions, be given, respectively as preliminary instructions or at the conclusion of trial in this case.

General Instructions

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 1.21 | Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed |
| 1.05 | Cautionary Instruction Prior to First Recess |
| 2.03 | Jury's Recollection Controls |
| 1.02 | Notetaking By Jurors |
| 2.04 | Evidence in Case [testimony, exhibits, stipulations] |
| 1.04 | Definitions – Stipulation of Fact |
| 2.05 | Statements of Counsel |

| | |
|---|---|
| 2.06 | Indictment Not Evidence |
| 2.14 | Nature of the Charges Not to Be Considered |
| Suppl. 1 | "Missing" Co-Defendants/Co-Conspirators |
| 2.07 | Inadmissible and Stricken Evidence |
| 1.07 | Question Not Evidence |
| 2.08 | Burden of Proof – Presumption of Innocence |
| 2.09 | Reasonable Doubt |

Evaluation of Testimony and Other Evidence

| | |
|---|---|
| 2.10 | Direct and Circumstantial Evidence |
| 1.08 | Expert Testimony |
| 2.11 | Credibility of Witnesses |
| Suppl. 2 | Consultation With Counsel |
| 1.10 | Evaluation of Prior Inconsistent Statement of a Witness [if applicable] |
| 1.11 | Evaluation of Prior Consistent Statement of a Witness [if applicable] |
| 1.12 | Impeachment By Proof of Conviction of a Crime – Witness [if applicable] |
| 1.12A | Impeachment By Proof of Pending Case, Probation, or Parole – Witness |
| 2.26 | Police Officer's Testimony [substituting "Law Enforcement Officer" for "Police Officer"] |
| 2.27 or 2.28 | Right of Defendant Not to Testify or Defendant as Witness [whichever applicable] |
| 2.29 | False or Inconsistent Statement by Defendant [if applicable] |
| 1.14 | Impeachment of Defendant – Statements [if applicable] |
| 2.42 | Character and Reputation of Defendant [if applicable] |
| 2.43 | Cross-Examination of Character Witness [if applicable] |

| | |
|---|---|
| 2.47 | Attempted Coercion or Intimidation of Witness |
| 2.48 | Statements of the Defendant – Substantive Evidence |
| 2.22 | Alleged Participant's Testimony |
| 2.22A | Witness With a Plea Agreement |
| 2.52 | Multiple Counts – One Defendant |
| 2.70 | Redacted Documents and Tapes [if applicable] |
| 1.16 | Cautionary Instruction on Publicity |

<u>Definitions, Proof, Offenses, Defenses</u>

| | |
|---|---|
| 3.02 | Proof of State of Mind |
| 3.07 | "On or About" |
| Suppl. 3 | Conspiracy to Commit Hostage Taking Resulting in Death (Count One) |
| Suppl. 4 | Hostage Taking Resulting in Death (Count Two) |
| 4.02 | Aiding and Abetting |
| Suppl. 5 | Withdrawal From Conspiracy [if applicable] |

<u>Closing Remarks</u>

| | |
|---|---|
| 2.71 | Selection of Foreperson |
| 2.72 | Unanimity |
| 4.00-A | Lesser Included Offense |
| 2.73 | Exhibits During Deliberations |
| 2.74 | Possible Punishment Not Relevant |
| 2.75 | Communications Between Court and Jury During Jury's Deliberations |
| 2.76 | Furnishing the Jury with the Instructions |

**PROPOSED SUPPLEMENTAL INSTRUCTION No. 2**

<u>CONSULTATION WITH COUNSEL</u>

Several witnesses acknowledged that they conferred with counsel in advance of their testimony. You are instructed that it is lawful and proper – and, indeed, to be expected – that the attorney who proposes to call a witness will confer with the witness before trial. The purpose of such a conference is to enable counsel to ascertain what the witness knows and the extent to which the witness's testimony will be admissible in evidence. The purpose is also to alert the witness as to what will be asked to enable him or her to focus his or her recollections.

Source: *see* <u>United States v. Torres</u>, 809 F.2d 439-40 (7th Cir. 1987).

**PROPOSED SUPPLEMENTAL INSTRUCTION No. 1**

<u>"MISSING" CO-DEFENDANTS/CO-CONSPIRATORS</u>

Ladies and Gentlemen, in this case, a grand jury has indicted twelve (12) individuals, including David Suchit, on charges of (1) conspiracy to commit hostage-taking resulting in death, and (2) hostage-taking resulting in death. In addition to Mr. Suchit, the persons indicted to date by the grand jury include: Jason Percival, also known as "Soldier;" Zion Clarke; Russel Jerry Joseph, also known as "Saucy;" Winston Gittens; Ricardo De Four; Leon Nurse, also known as "Leo;" Kevon Demerieux, also known as "Ketchit;" Anderson Straker, also known as "Gypsy's Son, also known as "Andy;" Wayne Pierre, also known as "Ninja;" Christopher Sealey, also known as "Christopher Bourne," also known as "Boyie;" and Kevin Nixon, also known as "Shaka."

As I have previously instructed you, an indictment is not proof of guilt, it is merely a formal way by which the Government brings charges. Each of the persons indicted in this case, including Mr. Suchit, is presumed innocent unless and until the United States proves, beyond a reasonable doubt, at trial that he or she is guilty of the crimes charged.

The fact that some of the people who may have been involved in these events are not on trial with Mr. Suchit does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

That other persons have been indicted in this case, and are not being tried with Mr. Suchit should not be considered by you, nor play any role in, your deliberations as to the guilt or innocence of Mr. Suchit.

**PROPOSED SUPPLEMENTAL INSTRUCTION No. 3**

<u>COUNT ONE:  CONSPIRACY TO ENGAGE IN HOSTAGE TAKING</u>
(18 U.S.C. § 1203)

Count One of the superseding Indictment is entitled Conspiracy to Commit Hostage Taking Resulting in Death and charges, in part, that Mr. Suchit conspired with one or more other persons to detain as hostage United States citizen Dinesh Maharaj and/or Balram Maharaj, in violation of federal law.  The government is not required to prove that this objective was achieved. in order to compel a third person to pay ransom for the release of Dinesh Maharaj and/or Balram Maharaj, as an explicit and implicit condition for the release of Dinesh Maharaj and/or Balram Maharaj.  The government is not required to prove that Mr. Suchit was involved in both the conspiracy to take hostage both Dinesh Maharaj and the conspiracy to take hostage Balram Maharaj.  It need only prove one.

The government is not required to prove that Mr. Suchit knew the name or names of the intended victims, if any, nor if he knew that the intended victim or victims were United States citizens.  It is sufficient if the government proves beyond a reasonable doubt that Mr. Suchit entered into a conspiracy with one or more other people and that an object of the conspiracy was to take hostage one or more people who were, in fact, either Dinesh Maharaj or Balram Maharaj and that, in fact, the intended victim or victims was/were citizens of the United States.

A conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details.  On the other hand, merely because people get together and talk about common interests or do similar things, does not necessarily show that an agreement exists to commit the particular offense.  It is enough that the government prove

beyond a reasonable doubt that there was a common understanding among two or more persons who were involved to commit the crime of hostage taking with regard to Dinesh Maharaj or Balram Maharaj.

The defendant need not know that the object of the conspiracy violated any particular law or any law at all.  Instead, the defendant must enter an agreement to perform acts that are in fact illegal.  Further, even if a defendant is not part of the agreement at the very start, he can become a member of the conspiracy later if the government proves that he intentionally joined in the agreement. Similarly, at the outset of a conspiracy, a defendant may have agreed to participate in one role and yet, in the course of the conspiracy, the defendant may play one or more lesser or different roles.  Different people may become a member of a conspiracy at different times.  A person who enters a conspiracy is legally responsible for all of the acts by any of his co-conspirators that are committed at any time during the existence of the conspiracy and that are intended in some way to further the goal or goals of the conspiracy.

It is not necessary that a defendant have agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the purpose to advance or further the unlawful object of the conspiracy.  In this case, the unlawful object of the charged conspiracy is the seizure and detention of United States nationals Dinesh Maharaj and/or Balram Maharaj to compel a third person to pay ransom for the release of Dinesh Maharaj and/or Balram Maharaj.

The government is not required to prove that any alleged conspirator committed an act in furtherance of the conspiracy. The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement. In that connection, Section E of Count One of the superseding indictment entitled "Overt Acts" lists so-called Overt Acts describing various activities engaged in by the alleged coconspirators to advance the purpose of the conspiracy. Proof of an overt act is not an element of the charge of conspiring to take hostages. The government is not obliged to prove any particular one or more of the Overt Acts beyond a reasonable doubt, although it must prove beyond a reasonable doubt the existence of the conspiracy itself and the defendant's knowing and willful participation in it.

Different people may become part of a conspiracy at different times. But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in that agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself without more, does not make the defendant part of the conspiracy. So the second thing the government has to prove is that the defendant joined the conspiracy.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

Now, a conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. But it is up to the government to prove that such facts and

9

circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all of the alleged participants. In deciding whether the defendant became a member of the conspiracy, you may consider only the acts and statements of this particular defendant.

In summary, a conspiracy is a kind of partnership in crime. In this case, for the defendant to be convicted of the crime of conspiracy the government must prove two things beyond a reasonable doubt:

First, that at some point in time on, about, or between February 1, 2005 and April 15, 2005 there was an agreement to unlawfully commit the offense of hostage taking as defined above.

Second, that Mr. Suchit voluntarily and intentionally joined in that agreement.

<u>Dinesh Maharaj</u>

To find Mr. Suchit guilty of the crime of Conspiracy to Commit Hostage Taking with regard to Dinesh Maharaj, you must be convinced that the government has proven the following two elements beyond a reasonable doubt.

First, that at some point between on or about February 1, 2005, until on or about April 15, 2005, an agreement existed between two or more people to detain and threaten to detain Dinesh Maharaj, or cause him to be detained, in order to compel in order to compel a third person to pay ransom for the release of Dinesh Maharaj, as an explicit or implicit condition for the release of Dinesh Maharaj. So the first thing that must be shown is the existence of an agreement.

Second, the government must prove that Mr. Suchit voluntarily and intentionally joined in that agreement.

### Balram Maharaj

To find Mr. Suchit guilty of the crime of Conspiracy to Commit Hostage Taking with regard to Balram Maharaj, you must be convinced that the government has proven the following two elements beyond a reasonable doubt.

First, that at some point between on or about February 1, 2005, until on or about April 15, 2005, an agreement existed between two or more people to detain and threaten to detain Balram Maharaj, or cause him to be detained, in order to compel in order to compel a third person to pay ransom for the release of Balram Maharaj, as an explicit or implicit condition for the release of Balram Maharaj. So the first thing that must be shown is the existence of an agreement.

Second, the government must prove that Mr. Suchit voluntarily and intentionally joined in that agreement.

### Resulting in Death

Additionally, Count One charges that the death of Balram Maharaj resulted from the conspiracy that Mr. Suchit joined. The government is not required to prove that Mr. Suchit, or any other conspirator, intended that the death of Balram Maharaj (or anyone else) would result from the conspiracy. The government need only prove that a death, in fact, resulted from the conspiracy and that a death was reasonably foreseeable consequence of the conspiracy. It is not necessary to find that death was intended as part of the original plan, only that it was a foreseeable consequence of the conspiracy.

Source:  Redbook Instruction 4.93, modified to conform to language of statutes charged.

**PROPOSED SUPPLEMENTAL INSTRUCTION No. 4**

<u>COUNT TWO: HOSTAGE TAKING</u>
(18 U.S.C. §§2, 1203)

In Count Two of the superseding Indictment, Mr. Suchit is charged with hostage taking of Balram Maharaj – the same offense that is alleged to be the object of the conspiracy charged in Count One.

It is against federal law for any person to seize, or to detain and threaten to kill, to injure, or to continue to detain, a United States citizen or a national of the United States in order to compel a third person to do, or abstain from doing, any act as an explicit or implicit condition for the release of the person detained. It is equally unlawful for a person to commit that crime by causing it to be committed, or by aiding and abetting its commission.

In this case, Mr. Suchit is charged with causing, and aiding and abetting, hostage taking. For you to find the defendant guilty of the crime of hostage taking, you must be convinced that the government has proven beyond a reasonable doubt each of the following elements.

First, that Balram Maharaj is a United States national. A " United States national" includes any citizen of the United States.

Second, that between on or about February 1, 2005, until on or about April 15, 2005, Balram Maharaj was seized and detained. A seizure or detention consists of holding or confining another person against his or her will.

Third, that while seized or detained, Balram Maharaj was threatened with death, injury, or continued detention. In this connection, it is not necessary that the threat be communicated to the intended victim, but only that it be communicated to someone else.

Fourth, that Balram Maharaj was seized and detained, and his death, injury or continued detention were threatened, in order to compel the family of Balram Maharaj, or any member thereof, to do certain acts, namely to pay money, as an explicit or implicit condition for the release of Balram Maharaj.

Fifth, that the death of Balram Maharaj resulted from the hostage taking and that his death could be reasonably foreseen as a necessary or natural consequence of the unlawful agreement.

Sixth, that from between on or about February 1, 2005, until on or about April 15, 2005, Mr. Suchit either himself committed those acts – seizing or detaining Balram Maharaj – or caused those acts to be done, or aided and abetted the doing of those acts.  In this regard, once the government has proved the existence of a charged conspiracy, and that Mr. Suchit was a member of that conspiracy, Mr. Suchit can be found guilty of a hostage taking resulting in death based upon the acts of his co-conspirators as long as the act was done in furtherance of the conspiracy, was within its scope, and could be reasonably foreseen by Mr. Suchit as a necessary or natural consequence of the unlawful agreement.

Finally, that Mr. Suchit acted intentionally, deliberately, and knowingly – that is, not by accident, inadvertence, or mistake.

Source:  18 U.S.C. § 1203
United States v. Yunis, 924 F.2d 1086, 1097 (D.C. Cir. 1991)
United States v. Si Lu Tian, No. 02-1502 (2d Cir., August 12, 2003)
United States v. Fie Lin, 139 F.3d 1303, 1305-06 (9th Cir. 1997)

13

**PROPOSED SUPPLEMENTAL INSTRUCTION No. 5**

<u>WITHDRAWAL FROM CONSPIRACY</u>

Once a person has joined a criminal conspiracy, it is not easy to withdraw from the conspiracy.[1] The mere cessation of activities by a defendant would not be enough to establish that he withdrew from the conspiracy.[2] Rather, in order to prove that he successfully withdrew from the conspiracy in this case, Mr. Suchit must prove that he either (1) contacted the law enforcement authorities and made a full confession to the law enforcement authorities, or (2) communicated to his co-conspirator(s) that he had abandoned the conspiracy to commit hostage-taking and its goals.[3] Further, Mr. Suchit must prove that his withdrawal from the conspiracy to commit hostage-taking was both compete and in good faith.[4]

---

[1] *See United States v. Zimmer*, 299 F.3d 710, (8th Cir. 2002) (quotation marks omitted; (*quoting United States v. Granados*, 962 F.2d 767, 733 (8th Cir. 1992).

[2] *See United States v. Nieves,* 322 F.3d 51, 55 (1st Cir. 2003); *United States v. True*, 250 F.3d 410, 425 (6th Cir. 2001); *United States v. Berger*, 224 F.3d 107, 118-19 (2d Cir. 2000) (resignation from the enterprise not sufficient to withdraw from conspiracy); *and see* Diener, K. & Johnson, T, "Federal Criminal Conspiracy," 42 Am. Crim. L. Rev. 463, 480-81 (Spring 2005).

[3] *See United States v. Thomas*, 114 F.3d 228, 267-68 (D.C. Cir.), *cert. denied*, 552 U.S. 228 (1997); *United States v. Walls*, 70 F.3d 1323, 1327 (D.C. Cir. 1995); *United States v. Brown*, 332 F.3d 363, 374 (6th Cir. 2003); *United States v. Nieves,* 332 F.3d 51, 55 (1st Cir. 2003); *United States v. Juodakis*, 834 F.2d 1099, 1102 (1st Cir. 1987)*; United States v. Steele*, 685 F.2d 793, 803-04 (3d Cir.), *cert denied sub nom*, *Morton v. United States*, 459 U.S. 908 (1982); *and see United States v. Bullis*, 77 F.3d 1553, 1562 (7th Cir. 1996) ("In order to withdraw from a conspiracy, a defendant must cease his activity in the conspiracy and take an affirmative act to defeat or disavow the conspiracy's purpose, either by making a full confession to the authorities or by communicating his withdrawal in a manner reasonably calculated to inform his coconspirators." (citations omitted)); *United States v. Zimmer*, 299 F.3d 710, 718 (8th Cir. 2002) ("To make a clean breast of a conspiracy, the conspirator must 'sever [ ] all ties to the conspiracy and its fruits, and act [ ] affirmatively to defeat the conspiracy by confessing to and cooperating with the authorities.'" (*quoting United States v. Grimmett*, 236 F.3d 452, 456 (8th Cir. 2001)).

[4] *See United States v. Bullis*, 77 F.3d 1553, 1562 (7th Cir. 1996) (quotation marks omitted; citations omitted).

The defendant – not the government – has the burden of proving that he withdrew from the conspiracy.[5] In order to prove that he withdrew from the conspiracy, Mr. Suchit must prove each element of "withdrawal" by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more convincing. In determining whether the defendant has proven that he withdrew from the conspiracy, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence regardless of who may have produced them. If the

---

[5] *See United States v. Thomas*, 114 F.3d 228, 267-68 (D.C. Cir.), *cert. denied*, 552 U.S. 228 (1997) (defendant "has the burden of proving that he affirmatively withdrew from the conspiracy..."); *United States v. Dale*, 991 F.2d 819, 854 (D.C. Cir.), *cert. denied*, 510 U.S. 906 (1993). This is also the position of the Second, Sixth, Eighth, Tenth and Eleventh Circuits. *See United States v. Flaharty*, 295 F.3d 182, 192 (2d Cir. 2002) (the defendant must prove that the conspiracy was terminated or that he took affirmative steps to withdraw); *United States v. Berger*, 224 F.3d 107, 118 (2d Cir. 2000) (the burden of establishing withdrawal lies on the defendant); *Brown v. United States*, 332 F.3d 363, 374 (6th Cir. 2003) (the defendant carries the burden of proving withdrawal and must show that he took affirmative action to defeat or disavow the purpose of the conspiracy); *Jackson v. United States*, 54 Fed.Appx. 594, 596-97 (6th Cir. 2001) (the burden of proving withdrawal lies on the defendant); *United States v. Shepard*, 462 F.3d 847, 869-70 (8th Cir. 2006) (defendant must demonstrate he took affirmative action to withdraw from conspiracy); *United States v. Zimmer*, 299 F.3d 710, 718 (8th Cir. 2002) (defendant bears the burden of proving that he withdrew from the conspiracy); *United States v. Hughes,* 191 F.3d 1317, 1332 (10th Cir. 1999) ("In this circuit, the law is clear that the defendant bears the burden of establishing withdrawal from a conspiracy."); *United States v. Hansen*, 262 F.3d 1217, 1247 (11th Cir. 2001) (conspirator must prove he has withdrawn from conspiracy); *United States v. Quire*, 943 F.2d 1554, 563-64 (11th Cir. 1991) (same); *but see United States v. Oppong*, 165 Fed.Appx. 155, 161 (3d Cir. 2006) (defendant must present evidence sufficient to make out a *prima facie* case of withdrawal, following which the Government must rebut the evidence of withdrawal); *United States v. West,* 877 F.2d 281, 289 (4th Cir. 1989), *cert denied*, 493 U.S. 869 (1990) (defendant must produce evidence of withdrawal following which Government must prove beyond a reasonable doubt that defendant did not withdraw); *United States v. Sax*, 39 F.3d 1380, 1388 (7th Cir. 1995) (defendant has burden of production of evidence showing withdrawal from conspiracy; thereafter, Government has burden of disproving withdrawal beyond a reasonable doubt).

Similarly, in *Dixon v. United States*, ___ U.S. ___, 126 S.Ct. 2437, 2447-48 (2006) (Stevens, J.), the Supreme Court held that a Section 922(g) criminal defendant bears the burden of proof on the issue of "duress" and must prove duress by a preponderance of the evidence.

evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against Mr. Suchit. However, it is important to remember that the fact that the Mr. Suchit has raised this defense does not relieve the government of its burden of proving that there was an agreement to commit hostage taking and that the defendant knowingly and voluntarily joined it. Those are things that the government still must prove beyond a reasonable doubt in order for you to convict Mr. Suchit of the crime of conspiracy and/or the hostage taking charge.

In weighing the evidence as to whether or not Mr. Suchit has proven that his withdrawal from the conspiracy was complete and in good faith, you may consider the credible evidence, if any, of Mr. Suchit's actions and conduct after the time he claims he withdrew from the conspiracy.[6] In this regard, if you determine that Mr. Suchit's post-withdrawal conduct showed that Mr. Suchit continued to "acquiesce" in any of the goals of the conspiracy -- that is, that Mr. Suchit's post-withdrawal conduct was, to some extent, intended by him to give implied consent to the conspiracy or to the furtherance of any object of the conspiracy -- then you must find that Mr. Suchit has not withdrawn from the conspiracy.[7]

In summary, if Mr. Suchit has not proven by a preponderance of the evidence that he withdrew from the conspiracy and that he did not thereafter acquiesce in the goals of the

---

[6] *See United States v. Bullis*, 77 F.3d 1553, 1562 (7th Cir. 1996); *accord United States v. Sax*, 39 F.3d 1380, 1387 (7th Cir. 1995); *United States v. Antar* 53 F.3d 568, 583 (3d Cir. 1995).

[7] *See Hyde v. United States*, 225 U.S. 347, 371 (1912); *accord United States v. Berger*, 224 F.3d 107, 118 (2d Cir. 2000) ("defendant may not take any subsequent acts to promote the conspiracy"); *United States v. Bullis*, 77 F.3d 1553, 1562-63 (7th Cir. 1996); *and see Black's Law Dictionary* (5th Ed. 1979) (**Acquiesce:** "To give implied consent to a transaction, to the accrual of a right, or to any act, by one's mere silence, or without express assent or acknowledgment." **Acquiescence:** "Conduct recognizing the existence of a transaction, and intended, in some extent at least, to carry the transaction, or permit it to be carried, into effect.")

conspiracy, then you must find that Mr. Suchit did not withdraw from the conspiracy and he is therefore responsible for the actions of the co-conspirators done during the course of the conspiracy, within the scope of the conspiracy, and that were foreseeable as a necessary or natural consequence of the unlawful agreement.

Finally, even if Mr. Suchit proves that he successfully withdrew from a criminal conspiracy (and that he did not thereafter re-enter the conspiracy) he is nevertheless legally responsible for any criminal acts or crimes that were committed by any of the co-conspirators, prior to Mr. Suchit's withdrawal from the conspiracy, provided that such acts were done by other conspirators in the furtherance and scope of the conspiracy, and could reasonably be foreseen by the defendant as a necessary or natural consequence of the unlawful agreement.[8]

---

[8] *See United States v. Francis*, 916 F.2d 464 (8th Cir. 1990); *United States v. Marolla*, 776 F.2d 457, 461 (11th Cir. 1985); *United States v. Nicoll*, 664 F.2d 1308, 1315 (5th Cir. 1982).

        In addition to the foregoing proposed instructions, the Government reserves the right to propose additional instructions as it may become appropriate to do so.

                          Respectfully submitted,

                          JEFFREY A. TAYLOR (D.C. Bar No. 498610)
                          United States Attorney

                          /S/
By:  _____
                          BRUCE R. HEGYI (D.C. Bar No. 422741)
                          Assistant United States Attorney
                          Federal Major Crimes Section
                          555 Fourth Street, N.W., Room 4848
                          Washington, D.C. 20530
                          (202) 305-9637
                          (202) 353-9414 (fax)
                          www.bruce.hegyi@usdoj.gov


                          JEANNE M. HAUCH
                          Assistant United States Attorney
                          National Security Section
                          555 Fourth Street, N.W., 11th Floor
                          Washington, D.C. 20530
                          (202) 514-5776