IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLUMBIA

---

|                                   |     |                              |
|-----------------------------------|-----|------------------------------|
| **UNITED STATES OF AMERICA**      | §   |                              |
|                                   | §   |                              |
|                                   | §   |                              |
|                                   | §   |                              |
| - vs -                            | §   | CRIMINAL No.  06-102-02 (JDB) |
|                                   | §   |                              |
|                                   | §   |                              |
| **DAVID SUCHIT,  *el al.***       | §   |                              |
|                                   | §   |                              |
| Defendants.                       | §   |                              |
|                                   | §   |                              |

---

**GOVERNMENT'S PROPOSED VOIR DIRE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the following preliminary statement and voir dire questions:

PRELIMINARY STATEMENT

This is a criminal case.  The defendant – David Suchit – is charged in an indictment with conspiring to commit the crime of hostage taking resulting in death and associated offenses.   The persons who are alleged to have been the objects of the conspiracy in this case were American citizens named Balram Maharaj and Dinesh Maharaj.  The person who is alleged to have been taken hostage and died as a result is Mr. Balram Maharaj.  The events in this case are alleged to have occurred from February through April 2005 on the island of Trinidad in the country of Trinidad and Tobago in the Caribbean.  According to the indictment, Mr. Balram Maharaj was taken hostage on April 6, 2005 and died on or about April 13, 2005 as a result of the hostage taking.  The indictment alleges that the defendant, David Suchit, was a member of the

conspiracy.    The defendant denies these allegations.

**Nature of the charges**

A.   This case involves allegations that the defendant conspired to commit hostage taking resulting in death on the island of Trinidad in the country of Trinidad and Tobago in the Caribbean.   As I will explain to you in more detail at the end of trial, the crime of "hostage taking resulting in death" is committed when any person, outside the United States, seizes, or detains and threatens to continue to detain, a national of the United States in order to compel a third entity to do anything, or abstain from doing anything, as an explicit or implicit condition for the release of the person detained, and death results.

Is there anything about the nature of these charges, or any experience that you or a family member or a close friend may have had, that would affect your ability to be a fair and impartial juror in this case?

B.   This case involves allegations that the defendant agreed with others to commit a criminal act, and in so doing participated in a criminal conspiracy.   Is there anything about the concept of a criminal conspiracy, or any experience that you or a family member or a close friend may have had, that would affect your ability to be a fair and impartial juror in this case?

C.   The allegations in this case are, among other things, that this defendant, David Suchit, is one of at least twelve people who were involved in a conspiracy to take someone hostage and to hold that person for ransom.   However, in this case, the government does not claim that David Suchit was one of the people who actually took the victim hostage, nor that David Suchit was one of the people who actually held the victim hostage, nor that David Suchit made any of the ransom calls.   Do you have strong feelings about whether or not it is proper for the United States

to prosecute someone who had a small, or minor, or supportive role in a conspiracy?

      D.  The allegations in this case are, among other things, that this defendant, David Suchit, is one of at least twelve people who were involved in a conspiracy to take someone hostage and to hold that person for ransom.  This trial is going to be trial solely of David Suchit.  Do you have strong feelings about whether or not it is proper to try one person in this case when the government claims that there were many more people who were also involved and were also responsible, but who are not being tried with David Suchit in this trial?

      E.  Are you, or any close friend or relative currently or previously employed by any other entity involved in assisting with the conduct of hostage negotiations or involved in advising or counseling the victims of abductions or hostage-takings?

      F.  The allegations in this case are, among other things, that a man was kidnaped, held as a hostage for ransom for approximately one week before he died, and that after he died, some of the conspirators cut up his body and put his body parts in two containers that were buried in the jungle in Trinidad.  Would you be able to listen to  testimony, and look at limited number of photographs, that are somewhat graphic and still be able to be fair in arriving at a verdict?

**Contact with Trinidad and Tobago**

      A.  Have you ever visited or lived on the island of Trinidad in the country of Trinidad and Tobago in the Caribbean?

      B.  Do you know anyone who lives or works on the island of Trinidad?

      C.  Do you have any close friends or family members who used to or currently live on or frequently travel to the island of Trinidad?

      D.  Do you follow or study Trinidadian or Caribbean basin news or politics or have you

discussed the political or social situation in Trinidad with relatives, friends, or coworkers?

     E.  Have you ever had any experience, good or bad, with a person of Trinidadian descent – either Afro-Trinidadian or Indo-Trinidadian -- that would make it difficult for you to sit as a fair and impartial juror in this case?

**General Background**

     A.  Have you had any experience, positive or negative, involving a person whose race, gender, nationality, or religion is different than yours that may affect your ability to be a fair and impartial juror in this case?

**Associations and Contacts with and Role of the U.S. Government**

     A.  You may hear testimony from witnesses who work for the U.S. government.  Are you, or any close friend, or relative currently or previously employed at the State Department, United States Agency for International Development or any other government agency that is primarily involved in foreign affairs?

     A. 1.  If, yes, would that association in any way affect your ability to be fair to the government or the defendant in this matter, which involves matters that occurred abroad?

     B.  The United States conducts diplomacy and foreign affairs all over the world and also maintains a presence in many parts of the world.  Is there anything about the United States presence in other countries or about American foreign policy in general that would make it difficult for you to be fair to both the government and the defendant in this case?

     C.   The allegations in this case are, among other things, that the victim was a United States citizen who was visiting relatives and friends in Trinidad when he was taken hostage.  Do any of you have strong feelings about whether or not it is proper for the United States to

prosecute people in the United States who are accused of having committed a crime outside of the United States?

**Media**

A.  Have you read anything in a newspaper, magazine, or on the Internet,  or heard anything on the television or radio or from any other source concerning this case?

B.  This case might receive media attention.  It is important that this case be decided solely on the evidence presented in the courtroom and not on the basis of information obtained outside the courtroom.  Periodically, I will advise you that you must avoid reading about the case in the newspapers, listening to any radio or television reports about the case, reviewing or posting any information about the case on the internet, and that you must avoid discussing this case with friends or family during the course of the trial.  Would these requirements pose any difficulty for you?

C.  Since you arrived at the courthouse, have you heard anything about this case, other than what has been told to you by the Court?

**Languages**

A.  You will hear testimony from persons who speak English with an accent different from our own or in a dialect of English.  This may require you to listen very carefully to understand.  Can you do this without difficulty?

B.  Testimony may include use of grammar and terms unique to that dialect.  If this grammar and these terms are explained to you, will you have any difficulty following the testimony and evidence?

**General Principles**

A.  If you are chosen to sit as a juror, at the end of this case the Court will instruct you as follows:  "If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, you must find him guilty.  On the other hand, if you find the government has failed to prove any element of the offenses beyond a reasonable doubt, you must find the defendant not guilty."  Can you and will you follow this instruction?

B.  Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Would you be – for any reason – unable to accept and follow the Court's instructions regarding the law?

C.  If, during the course of jury deliberations, a fellow juror should suggest that you disregard the law or the evidence, and decide the case on other grounds, would you, as a juror, be able to reject the suggestion and abide by your oath to this Court to decide the case solely on the evidence and law as the Court has instructed you to do, without regard to sympathy, bias, or prejudice?

D.  The defendant in this case – like all defendants – is presumed to be innocent unless and until the government proves his guilt beyond a reasonable doubt as defined by the Court.  Do you accept this and presume that the defendant is innocent?

**Contacts and Associations with Law Enforcement**

A.  Have **you**, any members of **your family**, or any **close friends** ever been employed by, or  made any application for employment with, any local, state, or federal law enforcement or private security agency, including, but not limited to, the following: FBI, U.S. Attorney, District

Attorney or Assistant District Attorney in any location, IRS, DEA, CIA, NSA, DOJ, Military

Police, Correctional Officer, Bureau of Prisons, Parole or Probation Office, State Trooper, Police

Department in any location, Sheriff's Department, US Marshals Service, US Secret Service, US

Customs Service, Bureau of Alcohol, Tobacco, Firearms and Explosives, Investigator or

volunteer for a prosecutor or for any law enforcement agency, INS, Homeland Security, D.C.

Metropolitan Police Department ("MPD"), US Park Police, or any other law enforcement or

private security agency not listed?

B.  Have you, any members of your family, or any close personal friends had any

experiences with police officers or other law enforcement personnel that might cause you to

favor or disfavor the government or law enforcement?

C.  If selected as a juror in this case, you will be instructed to evaluate the testimony of a

police office or other law enforcement personnel in the same way you evaluate the testimony of

any other witness – not giving the police officer's testimony either more or less weight merely

because he or she is a police officer.  Would you be able to follow that instruction?

**Lawyers and the Legal System**

A.  Have you, any members of your family, or any close friends ever been employed by a

lawyer or a law firm, worked in a courthouse, been a paralegal, served as a legal secretary, or

performed legal investigative work?

B.  Have you, any members of your family, or any close friends ever been employed by,

or made any application for employment with, any organization or firm involved in criminal

defense work, including, but not limited to a criminal defense firm, the Public Defender Service

or Federal Public Defender, a paralegal for a defense attorney, an investigator/intern/law clerk for

a defense attorney, any non-profit organization involving criminal law issues, other criminal defense organization not listed above?

C.  Do you know any defense lawyers, prosecutors or judges?

D.  Have you, any members of your family, or any close friends ever attended law school, taken paralegal course work, participated in a clinical program involving criminal law issues, or received any other type of legal training?

E.  Have you, any members of your family, or any close friends ever had a good or bad experience with a lawyer (civil lawyer, prosecutor, criminal defense attorney or other members of the bar)?

**Contacts with the Court and Pertinent Parties**

A.  The defendant in this case is David Suchit.  Do you know or have you had contact with the defendant?

B.  In this case, the government will be represented by Assistant United States Attorneys Bruce Hegyi and Jeanne Hauch.  Do you know or have you had contact with either of them?

C.  The defendant is represented by Diane Lepley.   Do you know or have you ever had any contact with her?

D.  Do you, any member of your family, or any close friends know or have any past or present connection (personal, business, or social) with me [Judge John D. Bates]?

E.  During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [List to be provided at trial].  Do you know any of them?

F.  If the defense chooses to present evidence, you may hear testimony from or about the following persons: [List to be provided at trial].  Do you know any of them?

**Prior Jury Service**

    A.  Have you ever served on a jury?

        A. 1.  If yes, was there anything about that experience that left you disappointed or with a bad impression with our criminal justice system, including judges, prosecutors, defense attorneys, or anyone else involved in the trial process?

    B.  Have you ever served as a jury foreman?

    C.  Do you recognize any other prospective juror in this case?

    D.  Have you ever served on a grand jury?

        D.1.  If yes, do you understand that the standard of proof used in the grand jury is one of "probable cause" while at the standard of proof at trial is "reasonable doubt"?

    E.  Would you have any problem separating the two and applying the proper standard of proof of reasonable doubt if you were chosen as a juror in this case?

    F.  Keeping in mind that you must render your own verdict in this case, are you nonetheless willing to listen to and consider the views and arguments of your fellow jurors during deliberations?

**Prior Contacts With Criminal Justice System**

    A.  Has any member of the jury panel, or any of your relatives or close friends, been a witness to, a victim of, or arrested for and/or charged with a crime within the last 10 years?

    B.  Do you believe that you, any members of your family, or any close friends were ever falsely accused of a crime?

**Physical and Mental Condition**

    A.  Do you have any difficulty hearing?

B.  Are you aware of any other potential member of the jury panel here today whom you have noticed appears to have a problem with his or her hearing?

C.  A significant part of the evidence in this case will involve tape recordings of telephone or radio communications in English but of persons with accents different from our own here in this area.  Would following and understanding such evidence present any problems to you?

D.  Do you have any significant uncorrected problems with your eye sight?

E.  Are you aware of any other potential member of the jury panel here today whom you have noticed appears to have a significant problem with his or her sight?

F.  Are you currently taking any medication that makes you drowsy or would otherwise make it difficult for you to focus on the evidence and follow the trial?

G.  Do you have any medical condition that would make it difficult for you to sit for several hours at a time and focus on the evidence presented at trial?

H.  Are you currently receiving treatment or taking medication for mental health issues?

I.  Are you currently receiving treatment for alcohol or substance abuse?

**Hardship**

A.  The trial may last three weeks, including the deliberations.  Is there any member of the jury panel who has an urgent or extremely important matter to attend to such that he or she would be faced with a hardship if selected for the jury in this case?

**Miscellaneous**

A.  Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to

render a judgment in this case based solely upon the evidence presented during the trial?

      B.  Do any of you know of any reason whatever, even if not covered by the Court's

questions, why you could not or should not sit as a juror in this case or why you could not render

a fair and impartial verdict based upon the evidence and the law as you shall hear it?

                         *      *      *      *      *

                        Respectfully submitted,

                        JEFFREY A. TAYLOR (D.C. Bar No. 498610)
                        United States Attorney


      By:     _____/s/_____
                        JEANNE M. HAUCH (D.C. Bar No. 426585)
                        Assistant United States Attorney
                        National Security Section
                        555 Fourth Street, N.W., 11th Floor
                        Washington, D.C.  20530
                        (202) 514-5776
                        (202) 307-6059
                        www.Jeanne.M.Hauch@usdoj.gov

                        BRUCE R. HEGYI (D.C. Bar No. 422741)
                        Assistant United States Attorney
                        Federal Major Crimes Section
                        555 Fourth Street, N.W., Room 4848
                        Washington, D.C.  20530
                        (202) 305-9637
                        (202) 353-9414 (fax)
                        www.bruce.hegyi@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of May, 2007, a true and correct copy of the above and foregoing pleading was served on the following by First Class Mail, postage pre-paid, upon:

DIANE LEPLEY, ESQUIRE
400 SEVENTH STREET, N.W.
SUITE 400
WASHINGTON, D.C.  20004

_____/s/_____
JEANNE M. HAUCH
Assistant United States Attorney