# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 06-102-02 (JDB) |
| | ) | |
| DAVID SUCHIT | ) | |
| | ) | |
| Defendant. | ) | |

## REQUESTED JURY INSTRUCTIONS

Mr. Suchit requests that the Court give the following instructions:[1]

### PRELIMINARY INSTRUCTIONS BEFORE TRIAL COMMENCES

1.02    Notetaking by Jurors (if permitted)

1.03    Preliminary Instruction Before Trial

> Mr. Suchit contends that the part of Instruction 1.03 that states: "READ ELEMENTS OF THE OFFENSES AND ANY OTHER REQUIRED INSTRUCTION RELATED TO THE SUBSTANTIVE OFFENSE" does not contemplate a detailed recitation of the elements of the offense, such as will be given at the conclusion of the case. Such a detailed instruction is potentially misleading before the evidence is heard. Mr. Suchit submits that the Court should inform the jury of the following at this point of the Preliminary Instruction outlined in § 1.03.

> > Count One charges that Mr. Suchit entered into a conspiracy to commit the offense of hostage-taking. A conspiracy is an agreement between two or more people to commit a crime. To convict the defendant of conspiracy you must find beyond a reasonable doubt that he agreed with others to commit the crime of

---

[1] The numbered instructions listed below are taken from the "Redbook" instructions printed in Criminal Jury Instructions For the District of Columbia (4th ed. 1993). The defendant reserves the right to submit a theory-of-defense instruction and to propose additional instructions based upon the evidence at trial.

hostage-taking and that he intentionally did so with the intent to further the aims of the conspiracy. I will define these terms in further detail at the conclusion of the case.

Count Two charges Mr. Suchit with the offense of hostage-taking. To convict a defendant of hostage-taking you must find beyond a reasonable doubt each of the following elements: (1) that the individual alleged to have been taken hostage is a national of the United States, (2) that on or about April 6, 2005, the individual in question was seized or detained outside the United States, (3) that the seizure or detention was for the purpose of compelling a third person or a governmental entity to do or abstain from doing an act and (4) that Mr. Suchit either himself committed the act of seizing or detaining or threatening to seize or detain the alleged hostage or caused those acts to be done, or aided and abetted the doing of those acts. Again, I will instruct you in more detail concerning each of these elements at the conclusion of the case.

## GENERAL INSTRUCTIONS AT THE CONCLUSION OF THE CASE

1.08    Expert Testimony (if applicable)

1.10    Prior Inconsistent Statement A and/or B (if applicable)

1.12    Impeachment By Proof of Conviction Of a Crime - Witness (if applicable)

1.13    Impeachment By Proof of Conviction of a Crime - Defendant (if applicable)

1.16    Cautionary Instruction on Publicity

1.22    A Juror's Recognition of a Witness or Other Party Connected to the Case

2.03    Jury's Recollection Controls

2.04    Evidence in the Case - Stipulations

2.06    Indictment Not Evidence

2.07    Inadmissible and Stricken Evidence (if applicable)

2.08    Burden of Proof - Presumption of Innocence

2.09   Reasonable Doubt

The government has the burden of proving Mr. Suchit guilty
beyond a reasonable doubt.   In civil cases, it is only necessary
to prove that a fact is more likely true than not, or, in some
cases, that its truth is highly probable.   In criminal cases such as
this one, the government's proof must be more powerful than that.
It must be beyond a reasonable doubt.   Reasonable doubt, as the
name implies, is a doubt based upon a reason - a doubt for which
you have a reason based upon the evidence or lack of evidence
in the case.   If, after careful, honest, and impartial consideration
of all the evidence, you cannot say that you are firmly convinced of
Mr. Suchit's guilt then you have reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable
person, after careful and thoughtful reflection, to hesitate to act in the
graver or more important matters in life.   However, it is not an
imaginary doubt, nor a doubt based on speculation or guess work; it is
a doubt based upon reason.   The government is not required to prove
guilt beyond all doubt, or to a mathematical or scientific certainty.   Its
burden is to prove guilt beyond a reasonable doubt.

2.10   Direct and Circumstantial Evidence

2.11   Credibility of Witnesses

2.13   Number of Witnesses

2.14   Nature of Charges Not to be Considered

2.22   Alleged Participant's Testimony (if applicable)

2.22A   Witness With A Plea Agreement (if applicable)

2.23   Testimony of Immunized Witness (if applicable)

2.24   Informer's Testimony (if applicable)

2.26   Law Enforcement Officer's Testimony

2.27   Failure of Defendant To Testify (if applicable)

2.28   Defendant as Witness (if applicable)

3

2.29    False Or Inconsistent Statement by Defendant (if applicable)

2.30    Transcripts of Tape Recordings (if applicable)

2.48    Statements of Defendant - Substantive Evidence

2.49    Defendant's Statements - Corroboration

2.50    Statements - Co-Defendants (if applicable)

2.52    Multiple Counts - One Defendant

## INSTRUCTIONS RELATING TO THE SPECIFIC COUNTS

4.93    Conspiracy (basic instruction modified to relate to case facts and federal law)[2]

Count One of the indictment charges that Mr. Suchit entered into a conspiracy to commit hostage-taking resulting in death of Dinesh Maharaj and Balram Maharaj. It is against the law to agree with someone to commit that offense. The government is not required to prove that the objective was achieved. To find the defendant guilty of the crime of conspiracy to commit hostage-taking resulting in death, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

---

[2]Mr. Suchit has submitted the general conspiracy instruction from the Redbook with language applicable to this case's facts inserted into that standard instruction. The defendant objects to the Government's instruction because it is more complicated than necessary, confusing and inaccurate. As the Redbook Comments note, "Care should be taken in this area to give the jury only the information that it needs in order to discharge its responsibilities. The recent tendency has been to 'over instruct' in conspiracy cases and, perhaps, 'overload' the jury with accurate, but non-essential information." In addition to this objection, the defendant contends that the prosecution's instruction fails to make clear that the jury must unanimously find either the conspiracy to commit hostage-taking of Dinesh Maharaj or of Balram Maharaj. While it is true that the government does not have to prove that the conspiracy's object was accomplished, it must prove, and all 12 jurors must agree, that the coconspirators agreed to accomplish at least one objective. It would not be unanimous if less than 12 jurors decided that they agreed to kidnap Dinesh and less than 12 jurors decided that the co-conspirators agreed to kidnap Balram but in the aggregate at least 12 jurors agreed that the object of the kidnaping was one or the other. *See, e.g., United States v. Treadwell*, 760 F. 2d 327 (1985), *cert. denied*, 474 U.S. 1064 (1986).

First, that between February 1, 2005 and April 15, 2005, in the Republic of Trinidad and Tobago, an agreement existed between two or more people, to commit the crime of hostage-taking resulting in death. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to commit hostage-taking resulting in death. It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit the particular offense. A conspiracy can be proved indirectly, by facts and circumstances which lead to a conclusion that a conspiracy existed. But it is up to the government to prove beyond a reasonable doubt that such facts and circumstances existed and lead to that conclusion in this particular case. In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In summary, the first thing that must be shown is the existence of an agreement.

In addition to finding an agreement between two or more people, all 12 of you must be convinced that at some point between February 1, 2005 and April 15, 2005, this agreement had as its object either the detaining and threatening to detain Dinesh Maharaj and/or the detaining or threatening to detain Balram Maharaj. In addition, the government must prove that the conspiracy's purpose was to compel a third person to pay a ransom as a condition for the release of the person and/or persons you believe the government has proved beyond a reasonable doubt was the object of the conspiracy. It must be the considered judgment of each juror that the government has proved beyond a reasonable doubt the conspiracy's object. In other words, you must all agree that the conspiracy's object was to detain or threaten to detain Dinesh Maharaj or Balram Maharaj or both.

5

If some of you think the conspiracy's object was Dinesh Maharaj and others of you think the object of the conspiracy was Balram Maharaj, then you would **not** have reached a unanimous verdict of guilt. You must be unanimous as to which object was the basis for the conspiracy.

Second, the government must prove that the defendant intentionally, knowingly, and voluntarily joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the purpose to advance or further the unlawful object of the conspiracy. In order to find that the defendant had the required intent to further the unlawful object of the conspiracy, you must find that he entered the agreement with a desire to further the unlawful objective, which was to take Dinesh Maharaj and Balram Maharaj hostage. You may not find that the defendant had the required intent to advance or further the object of the conspiracy merely because the object of the conspiracy may have been furthered by his conduct, even if he knew that his actions would further the object of the conspiracy. Rather, the defendant must have entered the conspiracy with the desire or intent to further its unlawful aims.[3] Further, you may not find the

---

[3]This language is taken from *United States v. Childress*, 58 F. 3d 693, 707 (D.C. Cir. 1995) and *United States v. Bailey*, 444 U.S. 394, 404 (1980). In explaining the difference between a general intent crime which requires proof of "knowledge" and a specific intent crime such as conspiracy requiring proof of purposeful conduct, *Childress* quoted from *Bailey* as follows:

> [a] person who causes a particular result is said to act purposefully if he consciously desires that result, whatever the likelihood of that result happening from his conduct, while he is said to act knowingly if he is aware that result is practically certain to follow from his conduct, whatever his desire may be as to that result.

58 F. 3d 693, 707, *quoting Bailey at* 444 U.S.at 404.

6

defendant guilty if you find that he actually entered a different conspiracy than the one charged.

Even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times. In deciding whether Mr. Suchit became a member of that conspiracy, you may consider only his acts and statements which you believe the government has proved beyond a reasonable doubt.

Mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So, the second thing that must be shown is that the defendant was part of the conspiracy, that is, that he joined and became a member of the conspiracy.

**Alternate A** (if Court finds that a conspiracy under 18 U.S.C. § 1203(a) is like one under 18 U.S.C. §371)

Third, the government must show that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The government must show that one of the people involved n the conspiracy did one of the overt acts in order to carry out the conspiracy. The charged overt acts are the ones set forth in the indictment. The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, all 12 of you must agree on at least one overt act that was done.

**Alternate B** (if this Court finds that a conspiracy under the indicted statute is more like those found in 21 U.S.C. § 841)

7

Third, the government is not required to prove that any alleged co-conspirator committed an act in furtherance of the conspiracy. The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of that agreement. Although the government does not have to prove any overt act beyond a reasonable doubt, it must prove beyond a reasonable doubt the existence of the conspiracy itself and the defendant's knowing and willful participation in it.

Fourth, you must be convinced that the government has proved beyond a reasonable doubt that Balram Maharaj's death resulted from the conspiracy and that the death was the reasonably foreseeable consequence of that conspiracy and not the result of accident, inadvertence, or mistake.

In summary, a conspiracy is a kind of partnership in crime. If you find that the government has not proved beyond a reasonable doubt all of the above requirements, then you must find Mr. Suchit not guilty of the crime of conspiracy to commit hostage-taking resulting in death.

**Hostage-taking: 18 U.S.C. §1203(a) and 18 U.S.C. §2**

Mr. Suchit is charged with causing and aiding and abetting the hostage-taking of Balram Maharaj in Count Two. Although Dinesh Maharaj was included in Count One as an object of the conspiracy, the government did not charge Mr. Suchit with the hostage-taking of Dinesh Maharaj in Count Two.

For you to find the defendant guilty of the crime of hostage-taking, you must be convinced that the government has proven beyond a reasonable doubt each of the following elements:

First, that Balram Maharaj was a United States national. A national includes any United States citizen;

Second, that from on or about February 1, 2005 until April 15, 2005, Balram Maharaj was

8

seized and detained;

Third, that while Balram Maharaj was detained, he was threatened with bodily harm or continued detention which was communicated to him or to another;

Fourth, that Balram Maharaj was detained and threatened in order to compel a third party to pay money as a condition for his release;

Fifth, that the death of Balram Maharaj was reasonably foreseeable as a necessary or natural consequence of the unlawful agreement to commit hostage-taking. If you do not unanimously agree that there was an agreement, as discussed in this court's conspiracy instruction, and if you do not unanimously agree that Mr. Suchit was a member of that conspiracy, also discussed in the earlier instruction, then the government would have failed to prove this fifth element and you should find Mr. Suchit not guilty of hostage-taking resulting in death;

Sixth, that from on or about February 1, 2005 until April 15, 2005, Mr. Suchit either seized or detained Balram Maharaj, or caused those acts to be done or aided and abetted the doing of those acts.

Seventh, that Mr. Suchit acted intentionally, deliberately, and knowingly–that is, not by accident, inadvertence or mistake.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed. Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by a defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt. However, mere physical presence is enough if it is

9

intended to help in the commission of the crime.  It is not necessary that you find that the defendant was actually present while the crime was committed.

**Withdrawal Instruction**

The defendant objects to the language set forth in the government's proposed instruction. The defendant will provide the Court with a proposed withdrawal instruction at the appropriate time if he elects to raise this defense.

Respectfully submitted,

_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C.   20004
(202) 393-0007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon Bruce Hegyi, Esquire Assistant United States Attorney at 555 Fourth Street, N.W., Washington, D.C. this 29th day of May, 2007.

_____
Diane S. Lepley

10