UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA )**
**)**
**v. ) Cr. # 06-102 (JDB)**
**)**
**DAVID SUCHIT )**
**)**

**MOTION FOR SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant David Suchit, through counsel, Diane S. Lepley, respectfully moves this Court to exclude certain testimony of government witness Philip Forbes, a constable in the Republic of Trinidad and Tobago, due to violations of Federal Rule of Criminal Procedure 16. In support of this motion, defendant states:

1. On Friday, June 1, 2007[1] – three days before the trial of this case was scheduled to begin – Assistant United States Attorney Bruce Hegyi sent an e-mail to the undersigned counsel which disclosed – for the first time -- eight oral statements of defendant David Suchit. These exceptionally inculpatory statements allegedly were made either during meetings of the defendant with Neermal John (decedent's brother) and Constable Phillip Forbes, head of the anti-kidnapping unit in Trinidad/Tobago (hereinafter "TT") or with Constable Forbes alone. The defendant was given no information about the particular

[1]Since counsel was in court on Friday morning on other matters trying to clear her calendar for the trial in this case, the defendant did not get notice until Friday afternoon.

facts surrounding the making of any of the eight statements. For that reason, the defendant would argue that the suppression hearing may need to be re-opened to determine whether any of these statements should be suppressed, as well as excluded for discovery violations.

2. In its e-mail, the Government contended that "much of [these statements] were essentially the same as what was in the FBI 302s and Forbes's TT police reports already provided to the defendant." This is simply an inaccurate contention. These new statements by defendant have him admitting to specific and multiple conspiratorial actions; they change his start date for entry into the conspiracy to some date in 2004; one implies his knowledge of an additional co-conspirator well in advance of any time known before, and another may even suggest that Mr. Suchit saw the decedent at some point after he was kidnaped. To say that these declarations are exploding bombshells is an understatement.

3. In response to timely–and early-- defense discovery requests, the government previously provided discovery regarding a large number of oral and written statements made by the defendant. The statements were the subject of a motions hearing conducted by this Court in February, 2007. At the motions hearing, the government provided to the defense summaries of statements allegedly made to Constable Forbes. The summaries did not include the statements contained in the government's eve-of-trial e-mail.

4. The statements now provided to the defense include information which significantly prejudices the defense of this case, and the defendant's ability to investigate and prepare for trial. Clearly, the defendant's current investigation and trial preparation did not anticipate this new development.

5. The defense requests a hearing to determine the reason for the government's delay in production of discovery in this case, and further requests that the Court order the government to produce Constable Forbes to testify at a hearing which would be set off to give the defendant sufficient time to investigate and to prepare for that hearing.[2]

## ARGUMENT

Federal Rule of Criminal Procedure 16 clearly sets forth the government's duties regarding discovery and the sanctions available to the Court if the government fails to comply with it. In this instance, the defense submits that the government should be prohibited from introducing the previously undisclosed evidence through Constable Phillips.

**Federal Rule of Criminal Procedure 16 (a) (1) (A) Defendant's Oral Statement**

> Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

[2]This hearing would need to predate opening statements.

Under another provision of Rule 16(a), the government is required to provide the defendant with "any relevant written or recorded statement [made] by the defendant if. . . the statement is within the government's possession, custody or control," and the attorney for the government knows "**or through due diligence could know**, (emphasis supplied)" that the statement exists regardless of whether the government intends to use the statement at trial. Fed. R. Crim. P. 16(a)(1)(B)(I). Interrogation by a "government agent" is not required, only knowledge and possession, custody, or control by "the government."

**Federal Rule of Criminal Procedure 16 (d)(2) Failure of Comply**

> If a party fails to comply with this rule, the court may:
>
> (A) order that party to permit the discovery or inspection, specify its time, place and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or
>
> (D) enter any other order that is just under the circumstances.

In United States v. Marshall, 132 F.3d 63 (D.C. Cir. 1998), the Circuit Court, in affirming the conviction and finding a continuance to be a proper remedy, addressed the issue of the government's failure to disclose jail visitation records prior to trial as well as records discovered by the government during trial. Although this case does not involve the

failure to disclose statements, it does provide guidance on how to address late disclosure of discovery.

With regard to the jail visitation records, the Court of Appeals found that the defense had received a four-day continuance "to ponder how it would confront that evidence. Ordinarily a continuance is the preferred sanction for a discovery delay because it gives the defense time to alleviate any prejudice it may have suffered from the late disclosure. " Id. Factors to be considered in the Court's evaluation of possible sanctions include: (1) the reasons for the government's delay in producing the information, including an evaluation as to whether the government acted in bad faith; (2) the prejudice to the defendant; and (3) the feasibility of curing the prejudice with a continuance. United States v. Wicker, 848 F.2d 1059, 1061 (10th Cir. 1988).

In Marshall, this Circuit stated that it is essential to disclose evidence which is material to the preparation of the defendant's defense. It is not limited to evidence that is favorable or helpful to the defense and does not immunize inculpatory evidence from disclosure. Inculpatory evidence, after all, is just as likely to assist in the preparation of the defendant's defense as exculpatory evidence....[I]t is just as important to the preparation of the defense to know its potential pitfalls as to know its strengths. Id. at 67.

In this instance, the defense requests a formal hearing to ascertain the government's reasons for the delay so that the Court may determine whether the government has acted

in bad faith and/or unfairly sandbagged the defendant on the eve of trial. The degree of prejudice to the defendant will be proffered to the Court **ex parte**. While a short continuance might ameliorate some of the problems caused to the defense as a result of the government's last-minute torpedo to the defendant's trial preparation, the defendant suggests that an order prohibiting the government from introducing the statements through Constable Forbes would be more appropriate.

The defendant notes that on Thursday, May 31, 2007, the government provided Trinidad and Tobago telephone service call data records in the thousands (or around 866 pages for just one of the groupings) for the co-conspirators' telephone calls, which required analysis and comparison to the defendant's telephone records. On Friday, June 1, 2007, the government unleashed its bombshell regarding the defendant's statements. On Saturday, June 2, 2007, the government disclosed 218 pages of newspaper articles which the Government intends to use in two ways: (1) as a prop for a relative of the decedent to show (by volume and weight) that the case was well reported and notorious and (2) as proof of what Suchit knew through knowledge of certain selected articles.[3]

As the Court of Appeals stated in Marshall, supra, "[w]e hasten to add that our ruling is not an invitation for the United States to engage in gamesmanship in discovery matters. To the contrary, a prosecutor may not sandbag a defendant by 'the simple expedient of

---

[3]Mr. Suchit objects to their usage on both counts.

leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial.'" quoting United States v. Brazel, 102 F.3d 1120, 1150 (llth Cir.), *cert. denied*, 118 S. Ct. 79 (1997) (citations omitted).

Throughout the year-long pendency of this case, the defense has deferred to the government's protestations of good faith in its attempts to obtain Rule 16 materials and Brady information from a foreign country. The ability of experienced prosecutors to produce hitherto-undisclosed inculpatory statements as well as voluminous Rule 16 materials on the eve of trial is extremely troubling and goes toward this Court's multi-factor analysis and the determination of the appropriate remedy.

WHEREFORE, for the foregoing reasons and such other reasons as may become apparent at a hearing on this motion, the defendant respectfully moves this Court to prohibit the government from introducing any statements by the defendant to Constable Forbes disclosed on June 1, 2007.

Respectfully submitted,

/s/

Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W.
Suite 400
Washington, D.C. 20004
(202) 393-0007

Certificate of Service

I do hereby certify that a true copy of the foregoing was sent by email to AUSA Bruce Hegyi this 3rd day of June, 2007.

/s/